# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAUL FERRO,                          §
                                     §
                Plaintiff,           §
                                     §
vs.                                  §        CIVIL ACTION NO. 4:20-cv-815
                                     §
PRAETORIAN INSURANCE COMPANY,        §
                                     §
                Defendant            §
                                     §
                                     §

## INDEX OF DOCUMENTS FILED IN STATE COURT

1.  Plaintiff's Original Petition                    Filed January 30, 2020

2.  Defendant Praetorian Insurance Company's
    Original Answer                                   Filed March 3, 2020

3.  Docket Control Order                             Signed March 4, 2020

Received and E-Filed for Rec
1/30/2020 10:18 ,
Melisa Miller, District Cl
Montgomery County, Te)
Deputy Clerk, Sarah Introliga

20-01-01519

CAUSE NO. _____

| | | |
|---|---|---|
| **PAUL FERRO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | Montgomery County - DC - County Court at Law #2 |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **PRAETORIAN INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Paul Ferro (hereinafter "Plaintiff"), and complains of Praetorian Insurance Company (hereinafter "Praetorian"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Montgomery County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code §15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

## III.
## PARTIES

3.      Plaintiff is an individual whose residence is located in Conroe, Montgomery County, Texas.

4.      Defendant Praetorian is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, CT Corporation System, at its registered address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found. IV.

## IV.
## FACTUAL BACKGROUND

5.      Plaintiff is a named insured under a residential property insurance policy issued by Praetorian Insurance policy no. PHP4445087 (hereinafter referred to as the "Policy").

6.      On or about July 21, 2018, a covered water loss damaged Plaintiffs' property located at 9202 Silver Back Trail, Conroe, Texas 77303 (hereinafter referred to as the "Property"). Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.      Subsequently, Praetorian underpaid Plaintiff's claim.

8.      The adjuster, assigned to the claim by Praetorian, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages identified during the inspection.

9.      More specifically, upon acceptance of the claim by Praetorian, Praetorian sent out an adjuster to perform an inspection of the Property and Plaintiff's damages. On September 25, 2018, said adjuster discovered covered damage, rendering a net claim payment amount of $10,728.57.

10.      In an effort of performing his due diligence, Plaintiff sought an additional and competent opinion from BNRB Construction. BNRB Construction found that the total amount to perform this job properly was $77,491.34, not $10,728.57, as Praetorian represented.

11.      Plaintiff also suffered a loss to personal property with the damage totaling $12,618.71.

12.      It is clear that Praetorian's unreasonable investigation was the cause of Plaintiff's underpaid claim.

13.      Further, Praetorian's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

14.      As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Praetorian. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

15.      As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

16.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

17.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

18.     All acts by Praetorian were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Praetorian and were completed in its normal and routine course and scope of employment with Praetorian.

### 1. BREACH OF CONTRACT

19.     According to the policy that Plaintiff purchased, Praetorian had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive covered water loss damages.

20.     As a result of the covered water loss, Plaintiff suffered extreme internal damages to the Property and significant personal property damages.

21.     Despite objective evidence of such damages, Praetorian has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

22.     Praetorian's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections

17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of §17.46(b),

Praetorian collectively engaged in false, misleading, or deceptive acts or practices that included,

but were not limited to:

> *§17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

> *§17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

> *§17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

> *§17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such in formation was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

23.    Moreover, and specifically in violation of §17.50(a), Praetorian collectively

engaged in the use of false, misleading and deceptive acts or practices outlined above, to which

Plaintiff relied on to his detriment, in addition to engaging in the following:

> *§17.50(a)(3)* - An unconscionable action or course of action; and

> *§17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

24.    As described in this Original Petition, Praetorian represented to Plaintiff that the

Policy and Praetorian's adjusting and investigative services had characteristics or benefits that it

actually did not have, which gives Plaintiff the right to recover under §17.46(b)(5) of the DTPA.

25.    As described in this Original Petition, Praetorian represented to Plaintiff that the Policy and Praetorian's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of §17.46(b)(7) of the DTPA.

26.    By representing that Praetorian would pay the entire amount needed by Plaintiff to repair the damages caused by the covered water loss and then not doing so, Praetorian has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

27.    Praetorian's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Praetorian's unconscionable conduct gives Plaintiff the right to relief under §17.50(a)(3) of the DTPA.

28.    Praetorian's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of §17.50(a)(4) of the DTPA.

29.    Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Praetorian. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Praetorian to his detriment. As a direct and proximate result of Praetorian's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Praetorian are a producing cause of Plaintiff's damages that are described in this Original Petition.

30.    As a result of Praetorian's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described

herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Praetorian having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Praetorian having intentionally committed such conduct.

31.     As a result of Praetorian's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under §17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. CHAPTER 541

32.     Praetorian's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under, §541.051, it is an unfair and deceptive act or practice in the business of insurance to:

§*541.051(1)(A)* - Making statements misrepresenting the terms of the policy; and

§*541.051(1)(B)* - Making statements misrepresenting the benefits of the policy.

33.     Continuing, in violation of §541.060(a), Praetorian engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

§*541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

*§541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*§541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*§541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*§541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy;

*§541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and

*§541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

34.     Further, Praetorian violated §541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*§541.061(1)* - Making an untrue statement of material fact;

*§541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*§541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*§541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

B. CHAPTER 542

35.     Praetorian's actions constitute numerous violations of Chapter 542 of the Texas

Insurance Code, including but not limited to, §§542.003 and 542.055 - 542.060. §542.003 of the

Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to

claims by insured parties of insurance policies. Based upon the conduct of Praetorian to date,

Praetorian has thus far committed the following prohibited practices:

> §542.003(b)(1) - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;
>
> §542.003(b)(2) - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;
>
> §542.003(b)(3) - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;
>
> §542.003(b)(4) - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and
>
> §542.003(b)(5) - Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

36.     Praetorian has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas

Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling,

adjustment and payment of insurance claims. More specifically, Praetorian committed the

following violations:

> §542.055(a)(1) - Failing to acknowledge receipt of Plaintiff's claim within 15 days after Praetorian received notice of Plaintiff's claim;
>
> §542.055(a)(2) - Failing to commence an investigation of Plaintiff's claim within 15 days after Praetorian received notice of Plaintiff's claim;

*§542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Praetorian reasonably believes , at the time, was required from Plaintiff, within 15 days after Praetorian received notice of Plaintiff's claim;

*§542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Praetorian received all items, statements, and forms required for Praetorian to secure final prof of loss;;

*§542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

*§542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under §542.055, Praetorian delayed payment of the claim for a period exceeding the period more than 60 days.

37.     As a result of the above-referenced violations and acts committed by Praetorian, and in accordance with §542.060 of the Texas Insurance Code, Praetorian is liable to pay Plaintiff, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

38.     Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of the DTPA, and because Praetorian's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Praetorian having knowingly committed such conduct.

39.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Praetorian having intentionally committed such conduct.

40.     As a result of Praetorian's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under §17.50(d) of the Texas Business & Commerce Code or §541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

41.     Praetorian has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Praetorian's coverage decision.

### VI.
### WAIVER AND ESTOPPEL

42.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

43.     Praetorian has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

### VII.
### DAMAGES

44.     Praetorian's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

45.     More specifically, Plaintiff seeks monetary relief of over $100,000, but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

46.     Furthermore, Praetorian's conduct was committed knowingly and intentionally. Accordingly, Praetorian is liable for additional damages under §17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by§542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

47.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

48.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO PRAETORIAN

A. REQUEST FOR DISCLOSURE

49.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Praetorian disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## B. REQUEST FOR PRODUCTION

50.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

a.      Please produce Praetorian complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.      Please produce the CV of the individual responding to these discovery requests.

c.      Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

d.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

e.      Please produce the electronic diary, including the electronic and paper notes made by Praetorian claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

f.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

g.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

h.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

i.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

j.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Praetorian intends to offer these items into evidence at trial.

## C. INTERROGATORIES

51.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.    Please identify any person Praetorian expects to call to testify at the time of trial.

b.    Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the Claim;

c.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

d.    If Praetorian or Praetorian's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Praetorian or any of Praetorian's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

e.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Praetorian's investigation.

f.    Please state the following concerning notice of claims and timing of payment:

   i.   The date and manner in which Praetorian received notice of the claim;
   ii.  The date and manner in which Praetorian acknowledged receipt of the claim;
   iii. The date and manner in which Praetorian commenced investigation of the claim;
   iv.  The date and manner in which Praetorian requested from the claimant all items, statements, and forms that Praetorian reasonably believed, at the time, would be required from the claimant; and
   v.   The date and manner in which Praetorian notified the claimant in writing of the acceptance or rejection of the claim.

g.    Please identify by date, amount and reason, the insurance proceed payments made by Praetorian, or on Praetorian's behalf, to the Plaintiff.

h.      Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

i.      When was the date Praetorian anticipated litigation?

j.      Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Praetorian's document retention policy.

k.      Does Praetorian contend that the insured premises was damaged by covered water loss and/or any excluded peril? If so, state the general factual basis for this contention.

l.      Does Praetorian contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

m.      Does Praetorian contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

n.      How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

  i.   what performance measures are used; and
  ii.  describe Praetorian's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

52.     Plaintiff prays that judgment be entered against Praetorian Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Praetorian Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/ Chris Schleiffer
Chris Schleiffer
Texas Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

Received and E-Filed for Record
3/3/2020 2:29 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

## CAUSE NO. 20-01-01519

| | | |
|---|---|---|
| PAUL FERRO, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| PRAETORIAN INSURANCE | § | |
| COMPANY, | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| Defendant. | § | |

## DEFENDANT PRAETORIAN INSURANCE COMPANY'S ORIGINAL ANSWER

COMES NOW PRAETORIAN INSURANCE COMPANY, Defendant in the above-referenced cause of action, and files this its Original Answer to Plaintiff's Original Petition:

### General Denial

1.    Defendant hereby denies each and every, all and singular, the material allegations as contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### Request for Court Reporter

2.    Pursuant to the Texas Government Code § 52.046 (Vernon 1988), Defendant requests that a court reporter attend all sessions of the court in conjunction with this civil action.

### Prayer

WHEREFORE, premises considered, Defendant PRAETORIAN INSURANCE COMPANY prays that Plaintiff take nothing by his suit, for costs of court, and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

/s/  Carter L. Ferguson
Carter L. Ferguson
State Bar No. 06909500

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas  76102-3090
Telephone:  (817) 339-2480
Facsimile:  (817) 870-2265
Email: cferguson@belaw.com

**ATTORNEY FOR DEFENDANT
PRAETORIAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 3rd day of March, 2020, addressed as follows:

Chris Schleiffer
The Voss Law Firm, PC
The Voss Law Center
26619 Interstate 45 South
The Woodland, TX 77380
chris@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

/s/  Carter L. Ferguson
Carter L. Ferguson

1038457-v1/9998-000405

DEFENDANT QBE INSURANCE CORPORATION'S ORIGINAL ANSWER                                    Page 2

CAUSE NO. 20-01-01519

| | | |
|---|---|---|
| **PAUL FERRO** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS** | § | **AT LAW NUMBER TWO** |
| | § | |
| **PRAETORIAN INSURANCE COMPANY** | § | **MONTGOMERY COUNTY, TEXAS** |

## DOCKET CONTROL ORDER

It is ordered adjudged and decreed that the following deadlines shall apply to this case, said deadlines shall continue to be in effect upon any change in the trial date. Any date that falls on a weekend or legal holiday (as determined by Montgomery County Commissioners Court) shall be moved to the next day. Failure to appear as required for any docket will result in dismissal of the case with no further notice. **MEDIATION BEFORE CALL-IN IS ORDERED**.

1.  TUESDAY PRIOR TO TRIAL

    **CALL IN ANNOUNCEMENT DOCKET**
    All parties must contact the Court Administrator
    at 936.539.7832 to make trial announcements **by noon**.

2.  FRIDAY PRIOR TO TRIAL

    PRE TRIAL CONFERENCE
    **ONLY THOSE PARTIES NOTIFIED BY THE COURT
    AFTER CALL IN DOCKET SHALL APPEAR**

    a.  If a jury fee has been paid, a proposed jury charge must be filed by this date. The jury charge must be provided to the Court in electronic format.
    b.  All contested motions for continuance will be heard at this time.
    c.  All motions in limine must be in writing and will be heard at this time. A separate proposed limine order must be filed with the motion.

05/18/2020 at 9:00 a.m.        -TRIAL (Trials on call for two weeks)
                               **ONLY THOSE PARTIES NOTIFIED BY THE COURT
                               AT PRE-TRIAL CONFERENCE SHALL APPEAR**

Signed on this the 4th day of March, 2020.

_____
Judge Claudia L. Laird

Sent to: chris@vosslawfirm.com; cferguson@belaw.com

**Ledbetter, Sandra**

| | |
|---|---|
| **From:** | postmaster@belaw.com |
| **To:** | cferguson@belaw.com |
| **Sent:** | Wednesday, March 4, 2020 3:17 PM |
| **Subject:** | Delivered: 20-01-01519 |

## Your message has been delivered to the following recipients:

cferguson@belaw.com (cferguson@belaw.com)

Subject: 20-01-01519

**Ledbetter, Sandra**

| | |
|---|---|
| **From:** | postmaster <postmaster@mctx.org> |
| **To:** | chris@vosslawfirm.com |
| **Sent:** | Wednesday, March 4, 2020 3:17 PM |
| **Subject:** | Relayed: 20-01-01519 |

The original message was received at Wed, 4 Mar 2020 15:17:04 -0600 from:

<Sandra.Ledbetter@mctx.org>

----- The following addresses had successful delivery notifications -----

<chris@vosslawfirm.com>  (relayed to non-DSN-aware mailer)

----- Transcript of session follows -----

<chris@vosslawfirm.com>... relayed; expect no further notifications

1